[Crim. No. 1389.   Fourth Dist.   Apr. 22, 1959.]

THE PEOPLE, Respondent, v. JESSE FRED DEERMAN,
Appellant.

Jesse Fred Deerman, in pro. per., Johnson & Johnson and Charles M. Snell, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

STONE, J. pro tem.*—The appellant and a codefendant by an information were charged in Count One with armed robbery, a violation of Penal Code, section 211; and in Count Two with assault with a deadly weapon, a violation of Penal Code, section 245.   Both defendants pleaded not guilty to each count and were tried by a jury.   They were acquitted as to Count

*Assigned by Chairman of Judicial Council.

One, but the jury failed to agree on Count Two. This appeal is from the judgment pursuant to a verdict of guilty on a retrial of Count Number Two.

The facts disclose that appellant, his codefendant, and one Joseph V. Bradley had met on the afternoon of December 22, 1957. They did some drinking and decided to drive to a tavern several miles distant, where dancing was permitted. The wife of appellant accompanied them. After considerable drinking, talking, and some dancing the four started home. Appellant drove the car and his wife sat beside him on the front seat. The codefendant sat in the back seat with Bradley. The evidence concerning what happened when the car reached a secluded spot a short distance from the tavern is conflicting to say the least. There is no question but that a knife was drawn and Bradley gave his wallet to appellant who returned it without removing any of the contents. Then as Bradley was about to step out the rear door of the car appellant hit him on the side of the head with a beer bottle. Appellant justified his actions on the ground of self-defense.

Appellant filed this appeal in propria persona, and then petitioned the court for the appointment of an attorney. The attorney who had represented appellant during the trial was appointed to represent him on this appeal. Appellant's counsel filed a statement in lieu of a brief, advising the court that he could find no error in the record which would be a ground of appeal.

The appellant raised the plea of double jeopardy in the trial court, but the record discloses that the offense of which he was acquitted, armed robbery, was a separate offense from the charge of assault with a deadly weapon. The episode involving the wallet had been completed before Bradley opened the door of the car to get out. The striking with a beer bottle was a separate offense. The second trial on Count Number Two subsequent to an acquittal on Count Number One did not place appellant in double jeopardy. Ruling upon the question of double jeopardy in a comparable situation, the Supreme Court said in the case of *In re Chapman,* 43 Cal.2d 385, at 388 [273 P.2d 817] : "If the force relied upon to establish the robbery is the same which is required to prove the assault, then petitioner is being punished twice for the same act contrary to section 654 of the Penal Code, but if it is not the same then the two convictions and sentences can stand."

It is also well settled that there is no double jeopardy by reason of a retrial on the same charge after the discharge

of a jury which has failed to agree. The discharge of the first jury in no wise affects the retrial. (*People* v. *Agnew*, 77 Cal. App.2d 748, 760 [176 P.2d 724].)

The jury rejected defendant's theory of self-defense. This court will not undertake to weigh the evidence, that being the province of the trial court. We have reviewed the record to determine whether or not there is substantial evidence to support the verdict of the jury. Suffice it to say that there is ample substantial evidence which supports the verdict. (*People* v. *Mazza*, 135 Cal.App.2d 587, 596 [287 P.2d 798].)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied June 1, 1959.