## JAMES H. McCALL *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 69, September Term, 1967.]

*Decided February 16, 1968.*

Before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

Per Curiam.

This is an application for leave to appeal from an order filed on May 4, 1967, by Judge James A. Perrott, sitting in the Criminal Court of Baltimore, denying relief sought in a second petition under the Uniform Post Conviction Procedure Act.

The application for leave to appeal was filed on June 21, 1967, or more than thirty days from the passage of the order sought to be appealed. Applicant has thus failed to comply with Maryland Rule BK 46 (a) which requires that the application "be filed within thirty days from the passage of the order appealed from." The application for leave to appeal is therefore not timely filed. See *Bowyer v. Warden,* 237 Md. 644; *Bynum v. Warden,* 230 Md. 631.

Since the record in the present case raises the question of whether the applicant was sufficiently advised of the lower court's decision in time to file a timely application for leave to appeal, we have reviewed applicant's contentions which have been presented against the following factual background: The applicant was charged under three separate indictments in the Criminal Court of Baltimore, two of which charged robbery with a deadly weapon (indictments 1966 and 1967) and one of which charged assault (indictment 1968). The applicant pleaded

guilty to the two robbery charges and not guilty to the assault charge. He was convicted on all three charges and received two concurrent fifteen-year sentences on the robbery indictments and a three-year sentence on the assault indictment, to run consecutively with the other sentences. Applicant did not appeal from any of these convictions. On October 11, 1965, he filed his first petition under the Uniform Post Conviction Procedure Act, raising five contentions as follows:

1. That he was denied due process of law.
2. That he was illegally arrested and searched.
3. That his three-year sentence for assault was "illegal."
4. That his court-appointed trial counsel was incompetent.
5. That his indictments were void because they were returned by an illegally constituted Grand Jury.

After appointment of counsel, two evidentiary hearings were held and on December 1, 1965, the petition was denied by Judge Dulany Foster in the Criminal Court of Baltimore. No application for leave to appeal was filed from that judgment.

Applicant filed his second petition under the Act on June 16, 1966, and raised the following contentions:

1. Perjury was used to establish a conviction of assault in Indictment No. 1968.
2. That the taking of a guilty plea at arraignment by Judge Allen, who changed the plea to not guilty but subsequently tried the case, was prejudicial to petitioner and was the influencing factor in inducing petitioner to plead guilty again, knowing that he had once pled guilty before the same Judge for the same offense.
3. That the sentences and convictions in regard to the two robbery indictments were inconsistent with Judge Allen's judgment.
4. That he has been placed twice in jeopardy for the same crime in relation to the two robbery indictments.

5. That both Indictment 1966 and 1967 are illegal and do not correspond with the judgment and conviction of Judge Allen.

After appointment of counsel, a hearing was held on October 4, 1966. By opinion dated May 3, 1967, the petition was denied by Judge James A. Perrott, the court ruling, as to applicant's first contention, that it was not supported by evidence, nor was there any showing that the State at the time of trial knowingly used perjured testimony. As to applicant's second contention, the court held that the applicant had failed to sustain his burden of proof that the trial judge was prejudiced and, additionally, by not objecting at the time of trial to the alleged prejudice, had waived the right to assert the same *in futuro*. Judge Perrott disposed of the remainder of the applicant's contentions by stating that such questions had been previously litigated in a habeas corpus proceeding and could not be raised again in a post conviction proceeding.

We think the applicant's first two contentions were properly disposed of by the court below. The record does not, however, reflect the basis for the court's disposition of applicant's third, fourth and fifth contentions, since nothing therein indicates that applicant had filed a habeas corpus petition in which these same contentions were advanced and adjudicated; and it does not appear that they were "finally litigated" in the first proceeding under the Uniform Post Conviction Procedure Act. It appears to us, however, that they are obviously lacking in merit. The core of these contentions is that he was convicted for three offenses when he only perpetrated one crime. It is plain, however, that applicant was charged with robbing one Kramer, a cashier of the A & P Tea Co. of $54.00; of robbing another A & P cashier, one Flegle, of $115.00 at the same time, and of assaulting one Ferner after completion of the armed robberies. That these are separate and distinct crimes is abundantly clear and no problem of merger of offenses or double jeopardy is involved. Moreover, with respect to these contentions, applicant's failure to assert them on appeal or in his first petition under the Act gives rise to a rebuttable presumption that these allegations of error have been waived. See Maryland Code (1967 Repl. Vol.), Article 27, § 645A (c), and *Jones v. Warden,*

2 Md. App. 343. Applicant has made no showing of any "special circumstances" to overcome the presumption of waiver.

Applicant also contends that the failure of Judge Perrott to render his decision on the merits of his petition within sixty days after it was submitted to him violated his constitutional rights and resulted in a loss of the court's jurisdiction over the case. The same contention was made and rejected in *Pressley v. Warden*, 242 Md. 405, 406.

*Application denied.*