STATE of Missouri, Respondent,

v.

Robert Eugene RICHARDSON, Appellant.

No. 54407.

Supreme Court of Missouri,
En Banc.

Dec. 14, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

R. Howard Dillard, Edwards, Seigfreid & Runge, Mexico, for appellant.

STOCKARD, Commissioner.

Defendant, charged under the Second Offender Act, was found guilty of an assault with intent to maim without malice in violation of § 559.190 (all statutory references are to RSMo 1959, V.A.M.S.) and sentenced by the court to imprisonment for a term of three years.

Prior to trial defendant filed a motion to dismiss the information on the ground that the "charge contained in the information constitutes double jeopardy * * *." A hearing was held and the motion was overruled. Based on the evidence in support of the motion and on information in the file in Case No. 54,272 in this court, a proceeding under Supreme Court Rule 27.26, V.A.M.R. in which the appeal was dismissed, we find the following material facts.

About 10:00 o'clock of the evening of March 7, 1967, defendant, wearing a mask over his face, entered Ed's Liquor Store in Mexico, Missouri, and placed a butcher knife "right in [the] stomach" of Emmett M. Wilkes, the clerk on duty, and demanded that Wilkes open the safe. When Wilkes replied that the safe was open, defendant said, "Give me the box." Wilkes handed him the box, and defendant told him, "Get down or I will hurt you." Instead of lying down, Wilkes charged defendant, knocked the knife aside, and with the help of another person in the store subdued defendant and held him for the police. Defendant was charged with attempted robbery in that "while armed with a deadly weapon, to wit, a butcher knife with a sharp and pointed

blade [he] attempted to hold up and rob Emmett M. Wilkes at Ed's Liquor Store in the City of Mexico." Following a plea of guilty defendant was sentenced to imprisonment for a term of ten years.

In October 1967, defendant instituted proceedings pursuant to Supreme Court Rule 27.26, V.A.M.R., and following a hearing the trial court reduced the sentence previously imposed for the attempted robbery to eight years. On April 13, 1968, while defendant was in Audrian County in connection with the hearing on his motion filed pursuant to Rule 27.26, the prosecuting attorney filed an information charging him with the offense of assault. The information alleged that on March 7, 1967, "at Ed's Liquor Store in the City of Mexico, [defendant] did willfully, feloniously, on purpose, and of his malice aforethought, * * * make an assault upon Emmett M. Wilkes with a deadly weapon, to wit a certain butcher knife with a sharp and pointed blade, a means likely to produce death or great bodily harm, with intent to kill or maim Emmett M. Wilkes." A jury found defendant guilty of the lesser and included offense of assault with intent to maim without malice, and the trial court fixed the punishment at imprisonment for three years. It is admitted that the acts constituting the assault with the butcher knife referred to in the information dated April 13, 1968, were the same acts which gave rise to the charge of attempted robbery.

It is provided in the Fifth Amendment to the Constitution of the United States that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, it was held that the guarantee of the Fifth Amendment against double jeopardy is enforceable against the states through the Fourteenth Amendment. In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, the Supreme Court "unanimously accorded fully 'retroactive' effect to the Benton doctrine." Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469,

(1970). Although Missouri could, by Constitution or statute, be more restrictive than the requirements of the Fifth Amendment, as construed by the Federal Courts, the Fifth Amendment requirements are the minimum permissible standards. The provision of Art. I, § 19, Constitution of Missouri, that "nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury," does not strictly apply since the defendant in this case was not acquitted of any offense, but "the common-law rule that no person shall for the same offense be twice put in jeopardy is in force in this state * * *, and precludes a second conviction and punishment for the same offense." State v. Toombs, 326 Mo. 981, 34 S.W.2d 61, 63. We find no readily discernible difference between the Fifth Amendment guarantee against double jeopardy and the common law guarantee as applied in this State.

Section 556.150 provides that "Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof, shall * * * be punished * *." See also 77 C.J.S. Robbery § 62, where it is stated that there can be no attempt to commit robbery in the absence of an overt act which occurred in partial execution of the intent to commit robbery. In this case defendant entered a plea of guilty to an information in which it was charged that while armed with a butcher knife he attempted to commit the crime of robbery, and it is admitted that the "act toward the commission" of the offense of robbery was the act of placing the knife at the stomach of Mr. Wilkes and demanding money, which act constituted an assault. Defendant could have been charged with a violation of § 559.180 defining the offense of assault with a deadly weapon with intent to rob with malice, or of § 559.190 defining the offense of assault with intent to commit robbery

without malice. However, it was the prerogative of the prosecuting attorney to determine which offense should be charged, and he chose the offense of attempted robbery.

■ A person may by one act violate more than one statute or commit more than one offense. Pifer v. United States, 4 Cir., 158 F.2d 867, certiorari denied 329 U.S. 815, 67 S.Ct. 636, 91 L.Ed. 695; Duffy v. Hudspeth, 10 Cir., 112 F.2d 559. As stated in State v. Moore, 326 Mo. 1199, 33 S.W.2d 905, 907, "an offender is not to be exonerated from responsibility for his acts because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion." See also 22 C.J.S. Criminal Law § 282. However, a state cannot split a single crime and prosecute it in parts, State v. Toombs, 326 Mo. 981, 34 S.W.2d 61, 64; State v. Whitley, Mo., 382 S.W.2d 665, and as stated in In re Nielson, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118, "Where * * * a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." In this case the assault on Emmett M. Wilkes was an incident included in the offense of attempted robbery. However, after a conviction of the offense of attempted robbery, the State has again prosecuted defendant for that incident. Its theory would seem to be that even though the assault for the purposes of establishing the offense of attempted robbery was unquestionably with intent to rob, the same act could be found to constitute an assault with intent to maim, and hence, a separate and different offense.

In State v. Foster, 281 Mo. 618, 220 S.W. 958, 960, it was held that in the proof of an assault under what is now § 559.180, and the same would apply to § 559.190, that "a legal presumption of criminal intent as charged would arise from proof of the unlawful act." Therefore, the proof of the assault in the charge of attempted robbery would authorize a finding of an intent to rob, and the proof of the same assault in the pending case would authorize a finding of an intent to maim as charged. It was stated in the Foster case that the "phrase 'with intent to maim' is simply descriptive of the character of the offense." In State v. Chinault, 55 Kan. 326, 40 P. 662, the defendant was charged in one information with an assault with intent to kill and in another information with an assault with intent to rob. It was held: "Both informations charge offenses under the same section of the statutes, * * *. Both informations refer to the same acts, the only difference being that a different criminal purpose is attributed to the defendant. We think under this section the substantive offense is the assault. The intent with which it was committed characterizes it, and determines its degree of criminality. Only one prosecution can be maintained under this section for the same assault, whatever the purpose of the defendant may have been." The same ruling was made in Wilkerson v. State, 41 Ala.App. 265, 130 So.2d 348, and in State v. Wilson, Ohio Com.Pl., 186 N.E.2d 149. By the device of alleging a different intent on the part of the defendant, the State cannot twice prosecute the defendant for the same assault.

■ The question thus presented is whether, after the conviction of attempted robbery, in which the necessary "act toward the commission" of that offense was admittedly an assault on Emmett M. Wilkes, presumably with an intent to rob, the defendant can, without violating his right not to be subjected to a second prosecution for the same offense, be charged and convicted of an assault upon Emmett M. Wilkes with an intent to maim (which is an intent to inflict "some serious bodily injury," State v. Woody, Mo., 406 S.W.2d 659) when it is admitted that the acts constituting that assault were the identical acts which were necessary to constitute the offense of attempted robbery.

The applicable general rule, with which we agree, as stated in 22 C.J.S. Criminal Law § 287 at p. 752, is that "If there is but a single act of force proved as an essential element of the crime of robbery, then such act of force cannot be availed of as constituting the separate crime of assault, but the rule is otherwise where the existence of the distinct elements as realities is established, as where the force relied on to establish assault occurred after the robbery had been accomplished."

Examples of the latter part of the above rule are McCall v. Warden, Maryland House of Correction, 3 Md.App. 188, 238 A.2d 574 (accused robbed a store clerk and then assaulted another person in making his escape); People v. Deerman, 169 Cal. App.2d 808, 337 P.2d 853; Martinez v. State, 171 Tex.Cr.App. 443, 350 S.W.2d 929, Ex parte Chapman, 43 Cal.2d 385, 273 P.2d 817 (accused made an assault as part of robbery and subsequently committed a second assault on the robbery victim); and State v. Chernick, Mo., 278 S.W.2d 741 (an assault was made during a robbery against a person not a victim of the robbery and not for the purpose of compelling the victim to part with property or money).

Examples of that portion of the above rule applicable to this case include the following. In State v. Miller, 129 C.A.2d 305, 276 P.2d 846, the accused was convicted of burglary, robbery, assault with a deadly weapon, and conspiracy to commit robbery. The court held: "The final claim is that appellant was convicted of four separate crimes for the same act or acts. So far as the convictions of assault and robbery are concerned the claim is well founded. The indictment in Count 2 charged robbery in forcibly taking from Reynolds and McGibbony $110. In Count 4 it charged assault with a deadly weapon on McGibbony. The assault upon McGibbony was committed prior to taking the money and to accomplish its taking. The rule was recently restated in In re Chapman, 43 Cal. 2d 385, 273 P.2d 817, 819: 'if there is but

a single act of force proved as an essential element of the crime of robbery then such act of force cannot also be availed of as constituting a separate crime and only one punishment may be had.' " In State v. Wines, 47 N.J.Super. 235, 135 A.2d 543, two defendants were charged in the first count with armed robbery, and in the second count, as stated in the opinion, "with the commission on the same date and place of an assault upon the same person with intent to rob." The court held: "It requires only a meager expenditure of words for us to announce our conclusion that the convictions of these defendants under the second count of the indictment accusing them of committing the additional crime of assault with intent to rob while armed are manifestly illegal. The record distinctly reveals that the robbery was the end result of the single occurrence, and that the alleged assault was an integral part of the principal offense of the robbery charged in the first count. The convictions of both defendants of assault under the second count are reversed." People v. Logan, 41 Cal.2d 279, 260 P.2d 20, involved the factual situation where the defendant struck the victim with a baseball bat and then took her purse. It was held: " * * * the striking of the victim with the baseball bat and the taking of her purse constituted a single indivisible transaction," and the "one act of inflicting force with the bat cannot both be punished as assault with a deadly weapon and availed of by the People as the force necessary to constitute the crime of robbery."

■ The above general rule and the cases cited refer to the offenses of robbery and assault. We conclude they apply equally to the offenses of attempted robbery and assault where, as in this case, the necessary "act toward the commission" of attempted robbery was the identical assault upon which the second charge was based.

The judgment is reversed and the defendant is discharged.

PER CURIAM:

The foregoing opinion of STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, C. J., and FINCH, SEILER, MORGAN, HOLMAN and BARDGETT, JJ., concur.

DONNELLY, J., dissents.