STATE of Missouri, Plaintiff-Respondent,

v.

Eugene JOHNSON, Defendant-Appellant.

No. 36702.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 13, 1976.

Samuel Raban, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., David E. Miller, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

The Court of Criminal Correction of the City of St. Louis, in a non-jury trial, found defendant guilty of driving an automobile while intoxicated. Defendant appeals.

The sole issue is whether the double jeopardy provision of the Missouri Constitution, Art. I, § 19, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated because of a prior conviction of the defendant in the municipal court, for improper operation of his motor vehicle which arose out of the same occurrence that gave rise to the present charge of driving while intoxicated. For reasons hereinafter given, we hold that defendant's conviction offended neither the Missouri nor the United States Constitution's double jeopardy provision as applied; thus, we affirm the judgment of conviction.

On April 13, 1974, defendant, while backing his automobile onto Wharf Street in the City of St. Louis, collided with another vehicle. A police officer, who came on the scene after the collision, cited the defendant for two offenses: (1) improper backing of a motor vehicle and (2) driving a motor vehicle while under the influence of alcohol. There is no dispute that both offenses arose out of the same act. Nor is there any dispute that defendant was, in fact, intoxicated. Nor is there a dispute that defendant was convicted in municipal court of illegal backing of his automobile.

To support defendant's claim of error, he refers us to three opinions of the United States Supreme Court: (1) *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); (2) *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and (3) *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). And three opinions of the Missouri Supreme Court: (1)

*State v. Parsons,* 513 S.W.2d 430 (Mo.1974); (2) *State v. Neal,* 514 S.W.2d 544 (Mo.1974) and (3) *State v. Richardson,* 460 S.W.2d 537 (Mo.1970).

None of the cases relied upon are dispositive of the issue presented herein. In the *Waller* case, the issue decided was that two courts within one state could not place a defendant upon trial for the same alleged crime. The *Ashe* case was decided upon the doctrine of collateral estoppel. The *Robinson* case merely applied the *Waller* case doctrine to an instance where defendant, rather than being convicted on the second charge, had pled guilty. Thus defendant's reliance upon those three cases is misplaced.

Likewise, reliance upon either *Neal, Parsons* or *Richardson* is also without merit, because the underlying theme of each of those decisions is a proscription against splitting a single crime and prosecuting it in parts.

In the *Parsons* case defendant was charged with murder of the deceased by bombing in one count, and with causing an explosion whereby the same deceased was put in danger. Thus the court held, ". . . If there is but a single act of force proved as an incidental means of committing a murder that act of force may not also be charged as a separate crime. . . ."

In *Richardson,* the defendant was charged with attempted robbery by means of threatening the victim with a dangerous weapon (knife) and also assault, with intent to maim the same victim; that is, assault with the knife. The court recognized that a person may, by one act, violate more than one statute or commit more than one offense. *Pifer v. United States,* 158 F.2d 867 (4th Cir. 1946), cert. den. 329 U.S. 815, 67 S.Ct. 636, 91 L.Ed. 695 (1947). Also citing with approval from *State v. Moore,* 326 Mo. 1199, 33 S.W.2d 905, 907 (1930), the court also recognized that, ". . . an offender is not to be exonerated from responsibility for his acts because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion. . . ." But the court condemned the splitting of a single crime and prosecuting it in parts, holding that the assault necessary to establish the offense of the attempted robbery was the identical assault upon which the charge of assault with intent to maim was based.

Likewise, in the *Neal* case, the prosecution attempted to charge the defendant with the offense of robbery by means of a dangerous weapon and also with a felonious assault upon the same victim. Both offenses arose out of the same transaction. The court reversed the assault charge because the assault necessary for the offense of robbery was the identical assault charged in the assault with intent to kill.

Central to each of the Missouri cases relied upon by defendant is that the specific act, which was, in fact the second charge, was a necessary act in proving both charges. On the other hand, in the case at bar, intoxication was not a necessary act to be proved in the municipal court, nor was improper backing a necessary act to be proved in the state court. Operating a motor vehicle in any direction, if one is intoxicated, would establish the state charge. *State v. Darabcsek,* 412 S.W.2d 97 (Mo. 1967). Even if defendant were intoxicated, he could not have been cited for improper backing if said backing was done with reasonable safety and without interfering with other traffic.

[1] Defendant's argument before us urges that this court adopt the same transaction doctrine. While such an argument may have some merit, it has not prevailed. The Eighth United States Circuit Court of Appeals, in *United States v. DeMarrias,* 441 F.2d 1304 (1971), held the rationale of the *Waller* case inapplicable in a case where each of the separate offenses required proof of a different element. Likewise, in *Hattaway v. United States,* 399 F.2d 431 (5th Cir.

1968), using the evidence test, in a prosecution under the Mann Act after the defendant had been acquitted of kidnapping, the court stated, "Offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each."

▇ Applying this principle to our case, *Waller* is distinguishable because the charge of driving while intoxicated, which requires proof of intoxication, is not identical with the charge of improper backing.

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.