STATE of Missouri, Respondent,

v.

Marvin Junior CARTER, Appellant.

No. KCD 27535.

Missouri Court of Appeals,
Kansas City District.

March 29, 1976.

Michael L. Midyett, Keytesville, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The defendant was involved in a traffic accident on December 16, 1972, in Linn County, Missouri. As a result, he was charged with the operation of a motor vehicle while in an intoxicated condition, third offense [§§ 304.010 and 564.440, RSMo 1969] and also for careless and imprudent driving for failure to yield the right of way.

The defendant was convicted by the magistrate on the careless and imprudent driving charge and thereafter trial commenced in the circuit court on the driving while intoxicated charge. The defendant moved dismissal of the charge in the circuit court on the claim that the accusation of the information placed him in jeopardy twice for the same offense, in that the charge of driving a motor vehicle while intoxicated was the same transaction for which he had already been convicted by the magistrate.

The claim of double jeopardy was rejected by the circuit court; the jury found the defendant guilty, and a sentence of five years imposed.

The transaction which gave rise to both convictions was witnessed by Highway Pa-

trol Trooper Turner. He saw the automobile operated by the defendant run through a yield sign at an intersection into the side of the truck. When the trooper came to the assistance of the defendant, he found that the defendant needed to be steadied as he was helped from the car. His clothes were tousled and his breath was heavy with the odor of alcohol, and he staggered as he walked. The trooper concluded the defendant was intoxicated. The breathalyzer test indicated a "twenty-four hundredths of one per cent blood alcohol". The trooper issued two citations to the defendant: one for driving in a careless and imprudent manner for failure to yield the right of way; and the other for driving while intoxicated.

On this appeal the defendant contends that the conviction for operation of a motor vehicle while intoxicated infringes his constitutional right against a second punishment for the same offense. The trial motion for dismissal was on the essential contention that the second prosecution [for driving while intoxicated] was barred by the first conviction [for failure to yield] because both arose out of the same transaction. On this appeal, the contention assumes a different aspect: the defendant argues here that the State has prosecuted the defendant for two separate parts of a single crime, and has thereby subjected him to multiple punishment for the same offense in violation of the constitutional prohibition against double jeopardy.

■ In the determination of double jeopardy, Missouri does not follow the *same transaction rule,* but applies the *separate or several offense rule. State v. Bowles,* 360 S.W.2d 706, 707[1] (Mo.1962). This means that a defendant can be charged with and convicted of several offenses which arise from the same transaction, incident or set of facts, without violation of double jeopardy. *State v. Moton,* 476 S.W.2d 785, 788[3, 4] (Mo.1972). Indeed, the very same act can support multiple convictions without infringement of double jeopardy so long as the convictions rest on separate offenses. *State v. Whitley,* 382 S.W.2d 665, 666[2, 3] (Mo.1964).

■ The double jeopardy doctrine is directed to the identity of the offense, and not to the act. *State v. Toombs,* 326 Mo. 981, 34 S.W.2d 61, 64[3] (1930). It forbids the State from piecemeal prosecution of an offense. In the determination of whether several charges from one act or transaction are identical, our courts look to "whether each offense necessitates proof of an essential fact or element not required by the other"; if so, there is no identity of offense. *State v. Chambers,* 524 S.W.2d 826, 829[1, 2] (Mo. banc 1975). Thus, in *State v. Richardson,* 460 S.W.2d 537 (Mo. banc 1970), the court held that a defendant could not be convicted of both assault with intent to maim without malice, and attempted robbery "while armed with a deadly weapon, to wit, a butcher knife", because the act toward the commission of the attempted robbery was identical in law and fact with the offense underlying the assault charge. See also, *State v. Parsons,* 513 S.W.2d 430 (Mo. 1974).

■ We apply these principles to the case at hand and conclude that the condition of intoxication was not an incident of the proof of the magistrate conviction for failure to yield the right of way. On the other hand, the defendant was subject to lawful conviction for failure to yield even though done with utter sobriety. The circuit court prosecution was lawful and the conviction must stand. See, *State v. Johnson,* Missouri Court of Appeals, St. Louis District, 532 S.W.2d 883, adopted January 13, 1976.

The judgment is affirmed.

All concur.