**STATE of Missouri, Plaintiff-Respondent,**

v.

**Joe Thomas CAMPBELL,
Defendant-Appellant.**

No. 37937.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 17, 1977.

---

**5.** Brainerd Currie, Rose of Aberlone, supra.

Deeba, DeStefano, Sauter & Herd, Thomas C. Mummert, St. Louis, George D. Johnson, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, W. Mitchell Elliott, and David L. Baylard, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant was convicted on two counts of assault with intent to do great bodily harm without malice, in violation of § 559.190.[1] On appeal, defendant raises the issue of double jeopardy and also contends that the trial court erred in failing to instruct on justifiable and excusable assault. We find no merit in defendant's contentions and affirm the judgment.

A trash fire on a vacant lot near defendant's home in St. Louis led to defendant's problems. On the day of the fire, defendant was in a neighborhood tavern about two blocks from his home. He had consumed a substantial quantity of beer when he was advised by a friend that his house was on fire. Actually, the fire was in a vacant lot about 50–75 feet from defendant's home, but in his numbed condition, defendant was unable to discern from the smoke whether his home was on fire—at least, he thought it was. Defendant immediately left the tavern and drove in his automobile by a curiously circuitous route toward his home, which was on the corner of Seventh and Hickory Streets.[2] Fire fighting equipment was on Hickory Street and police officers were stationed at the Sixth and Hickory and Seventh and Hickory Street intersections to direct traffic. Police Officer King was directing traffic at the intersection of Sixth and Hickory Streets, with Robert Girard, a uniformed security guard, standing next to him. Officer King observed defendant's car driving at a high rate of speed on Hickory toward the Sixth Street intersection[3] and signaled defendant to stop. Initially, defendant slowed somewhat, but he suddenly accelerated, veered his car directly at Officer King and Girard and yelled, "Get out of my way _____."[4] Officer King pushed Mr. Girard aside and dove for safety. Defendant's car narrowly missed striking both King and Girard and would have run over both of them had not Officer King taken his evasive action for both himself and Mr. Girard. It was also apparent that defendant would not have struck either King or Girard had he kept on his initial path, but it was after he veered and aimed his car at them that they were endangered.

After defendant had barely missed hitting King and Girard—only by reason of King's movements—defendant's car careened down Hickory Street at a high rate of speed running over fire hoses. Defendant's car finally jumped the curb, went on the sidewalk and came to a stop a short distance from a telephone pole. As defendant was trying to back away from the telephone pole, his engine stalled, and police, including Officer King, were promptly on the scene to arrest him. Defendant was bellicose and continued to spew vituperations and obscenities at the police, who removed him from the car.

Defendant's testimony was that because of his inebriated condition he was unable to remember anything that happened other than he had been told his house was on fire.

1. Statutory references are to RSMo 1969.

2. Although defendant was only two blocks from home when alerted to the fire, the route he traversed encompassed at least seven blocks to the point where he stopped.

3. Defendant's speed was estimated at 40–45 m. p. h.

4. Defendant directed a highly denigratory invective at Officer King as he drove at him.

Defendant was charged with peace disturbance, several traffic violations and assault with malice upon Officer King and Mr. Girard. Defendant subsequently pleaded guilty in St. Louis City Court to the following city ordinances violations: driving under the influence of alcohol, careless and reckless driving, disobeying the reasonable directions of a police officer, driving over a sidewalk and general peace disturbance. Before trial on the assault charges, defendant moved to be discharged on the ground of double jeopardy, arguing that the charges to which he had pleaded guilty arose out of the same instance or occurrence as the assault charges. The trial court denied the motion.

■ It is fundamental that the State may not split a single crime and prosecute in separate parts; neither may there be multiple punishments for a single offense. *State v. Brown,* 547 S.W.2d 217 (Mo.App. 1977); *State v. Gordon,* 536 S.W.2d 811 (Mo.App.1976). It is also true, as defendant argues, that jeopardy attaches in municipal ordinance prosecutions punishable by imprisonment. *Kansas City v. Bott,* 509 S.W.2d 42 (Mo. banc 1974). But as stated in *State v. Carter,* 535 S.W.2d 537 (Mo.App. 1976) l.c. 538:

"In the determination of double jeopardy, Missouri does not follow the *same transaction rule,* but applies the *separate or several offense rule.* This means that a defendant can be charged with and convicted of several offenses which arise from the same transaction, incident or set of facts, without violation of double jeopardy. Indeed, the very same act can support multiple convictions without infringement of double jeopardy so long as the convictions rest on separate offenses." (citations omitted, original emphasis)

Thus, an individual can be convicted in magistrate court of careless and imprudent driving and at the same time be convicted in the circuit court of driving while intoxicated. *State v. Carter,* supra. Also, there is no double jeopardy violation for separate convictions for improper backing of a motor vehicle and driving while intoxicated, although both offenses arise out of a single act. *State v. Johnson,* 532 S.W.2d 883 (Mo. App.1976).

■ The test in Missouri for determining whether there has been a double jeopardy violation for separate charges arising out of a single act is "whether each offense necessitates proof of an essential fact or element not required by the other." *State v. Chambers,* 524 S.W.2d 826, 829 (Mo. banc 1975). See also *Thomas v. State,* 548 S.W.2d 564 (Mo. banc 1977), reaffirming the *Chambers'* rule. We therefore look to the elements of proof involved in this case. An essential element of proof for assault without malice, for which defendant was convicted, is whether the defendant committed the assault with intent to kill, to do great bodily harm or to commit a felony. *State v. Webb,* 518 S.W.2d 317, 320 (Mo.App.1975); § 559.190. Thus, the State was obligated to prove that defendant intended either to kill or to inflict great bodily harm upon Officer King and Mr. Girard. We believe a jury could find such intent from the evidence presented by the State that defendant veered from his course of direction, accelerated and aimed his auto directly at Officer King and Mr. Girard. The State thereby presented an element of proof not required or present in the city court violations to which defendant pleaded guilty. There was no violation against defendant's right against double jeopardy.

■ Defendant also argues that the trial court erred in failing to instruct on excuse or justification, using the MAI–CR 2.28 and 2.40 excusable homicide and justifiable homicide instructions as paradigms. Defendant was not entitled to either instruction. As to "excusable assault," defendant was clearly in the commission of an unlawful act or acts at the time of the assault. Certainly, he was not acting with "usual and ordinary caution." That fact alone is sufficient basis for rejecting an "excusable assault" instruction. *State v. Milentz,* 547 S.W.2d 164 (Mo.App.1977). But there is further reason for not giving an excusable assault instruction. There was no evidence

of accident. The entire evidence was that defendant deliberately drove his car at a high rate of speed at Officer King and Mr. Girard. There was nothing to refute the State's evidence in this regard. Therefore, there was no error in failing to instruct on accident or excusable assault. *State v. Watson,* 364 S.W.2d 519 (Mo.1963). Excusable assault implies an involuntary act. Here, defendant's actions were deliberate acts. See *State v. Merritt,* 540 S.W.2d 183 (Mo.App.1976).

 With regard to defendant's argument on justifiable assault, Note 2 of the MAI–CR 2.40 Notes on Use specifically recites, ". . . with slight alterations MAI–CR 2.40 should be adapted and used in *assault* cases where applicable under the law and the evidence." (original emphasis). MAI–CR 2.40 contemplates that a defendant is either acting in lawful self-defense or committing his action in the situations enumerated in § 559.040.[5] Here, there is a total absence of evidence of any of the elements of § 559.040 which would warrant the giving of a justifiable assault instruction. There is nothing to indicate that defendant was acting in self-defense, or protecting any of the persons listed in § 559.-040(2), or was lawfully attempting to preserve the peace or capture a felon, or suppressing a riot. Without the presence of any of the elements of § 559.040, a justifiable homicide instruction was not justified. See *State v. McQueen,* 431 S.W.2d 445 (Mo. 1968); *State v. Harkins,* 535 S.W.2d 462 (Mo.App.1976); *State v. Neria,* 526 S.W.2d 396 (Mo.App.1975); *State v. Milentz,* 521 S.W.2d 1 (Mo.App.1975).[6]

The judgment is affirmed.

KELLY, P. J., and WEIER, J., concur.

---

5. "559.040. Justifiable homicide—Homicide shall be deemed justifiable when committed by any person in either of the following cases:

(1) In resisting any attempt to murder such person, or to commit any felony upon him or her, or in any dwelling house in which such person shall be; or

(2) When committed in the lawful defense of such person, or of his or her husband or wife, parent, child, brother, sister, uncle, aunt, nephew, niece, master, mistress, apprentice or servant, when there shall be reasonable cause to apprehend a design to commit a felony, or to do some great personal injury, and there shall be reasonable cause to apprehend immediate danger of such design being accomplished; or

(3) When necessarily committed in attempting by lawful ways and means to apprehend any person for any felony committed, or in lawfully suppressing any riot or insurrection, or in lawfully keeping or preserving the peace."

6. The following statement in *State v. Milentz,* 521 S.W.2d at 3, involving an assault on a police officer, is remarkably appropriate:

"This record discloses the case of an intoxicated, distraught, hostile, belligerent, violent and dangerous man on a rampage; a man . . . who hates the police, and who expressed his contempt for the police by every vocal and physical means at his disposal . . .; a vengeful person making an unprovoked attack upon an officer who had given appellant no reason to act as he did."