STATE of Missouri, Respondent,

v.

Cornelius CRITTEN, Appellant.

No. 40330.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 20, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1980.

Reed's building where he observed the back door open and the defendant inside the building holding a pry bar. Upon seeing Officer Maher, the defendant dropped the pry bar and blurted out the following statement: "Oh, man, I am only junking." The defendant was then arrested. Officer Maher and two other officers inspected the building and found what Officer Maher described as fresh pry marks around the lock on the rear door. Subsequent to the arrest, Mr. Reed observed that a fireplace was torn out, stained glass windows had been removed, and several radiators were missing.

Officer Maher and two other police officers testified that based on their experience the pry bar was commonly used as a burglar's tool. Further, the officers testified the defendant had a reputation in the area as a known burglar.

Defendant testified that he went into the building to go to the bathroom. He stated the door was open and he did not see the pry bar until the police showed it to him after he was in their patrol car.

■ The state cannot prosecute the same criminal act in multiple counts of an information. *State v. Neal*, 514 S.W.2d 544, 548–549 (Mo. banc 1974). The state cannot split a single crime and prosecute it in parts. *State v. Richardson*, 460 S.W.2d 537, 539 (Mo. banc 1970). However, a person may by one act violate more than one statute or commit more than one offense. *State v. Chambers*, 524 S.W.2d 826, 829 (Mo. banc 1975), *cert. denied*, 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). Missouri follows a separate or several offense rule, rather than the same transaction rule, to determine double jeopardy. *State v. Treadway*, *supra*.

■■ Defendant was charged with both burglary in the second degree in violation of § 560.080 RSMo. 1969, and with possession of burglar's tools in violation of § 560.115 RSMo. 1969. The former offense involves breaking and entering a vacant

Scott Richardson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Possession of burglar's tools.

Defendant was tried on charges of second-degree burglary and possession of burglar's tools. A jury acquitted defendant of the burglary charge and convicted him of the possession charge. Punishment was assessed at three years. Defendant appeals. He contends trial on both charges subjected him to double jeopardy. He also contends the not guilty verdict on the burglary charge precludes conviction on the possession charge under the doctrine of collateral estoppel. We affirm.

Henry Reed owned a building located at 3909 Parnell Street in the City of St. Louis, Missouri. This building, which had been damaged by fire, was vacant. The windows and doors were boarded up. Mr. Reed had checked the building and found it secure on August 17, 1977. On August 19, 1977, Police Officer Maher went to the rear of

building, whereas the latter involves possessing burglar's tools, in this case a pry bar, with criminal intent. While breaking and entering are essential elements of the former offense, they are totally irrelevant as far as the latter is concerned. Likewise, defendant could have been found guilty of burglary in the second degree even if the jury had accepted his story that he was not in possession of the pry bar at the time he was apprehended by the police. Possession of a burglar's tool is not an essential element of burglary in the second degree. Defendant was charged with two distinct criminal offenses, two distinct statutory violations, and was not subjected to double jeopardy in being so charged and tried.

■ Defendant next claims double jeopardy by reason of collateral estoppel. Collateral estoppel precludes a conviction in cases in which an issue of ultimate fact has been determined in defendant's favor in a prior criminal proceeding. *State v. Booker*, 540 S.W.2d 90, 92 (Mo.App.1976). The principle of collateral estoppel has no application to the facts in this case. The general verdict on the burglary charge did not determine any ultimate fact in defendant's favor which precludes defendant's conviction of possession of burglar's tools. *State v. Booker, supra.* Additionally, defendant's point regarding collateral estoppel was not raised in his motion for new trial. There was no manifest injustice or miscarriage of justice in this case by reason of the inapplicable collateral estoppel principle. Rule 27.-20(c).

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.