_____

No. 96-1307
_____

Jose Leon Barahona-Paredes,             *
                                        *
          Appellant,                    *
                                        *  Appeal from the United States
     v.                                 *  District Court for the
                                        *  Western District of Missouri.
United States of America,               *       [UNPUBLISHED]
                                        *
          Appellee.                     *


                         _____

               Submitted:  October 2, 1996

                   Filed:  October 7, 1996
                         _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
                         _____

PER CURIAM.

     Jose Leon Barahona-Paredes (Barahona) appeals the district court's[1]
order denying his 28 U.S.C. § 2255 motion.  We affirm.

     After pleading guilty to a drug offense, Barahona was sentenced to
121 months' imprisonment and five years' supervised release.  On direct
appeal, we affirmed.  United States v. Barahona, 990 F.2d 412 (8th Cir.
1993).  Barahona then filed this section 2255 motion, asserting that his
guilty plea was involuntary because the district court did not advise him
about the effect of supervised release and about the court's power to
depart from the Guidelines range, as required by Federal Rule of Criminal
Procedure 11(c)(1).  Barahona also asserted that the court should have
departed downward at sentencing based upon his cooperation with the

_____

     [1]The Honorable Dean Whipple, United States District Judge
for the Western District of Missouri.

authorities and his aberrant behavior.  The district court denied the motion.

We review de novo the denial of Barahona's motion and, "as it was denied without a hearing, will affirm only if the motion, files, and records conclusively show he is not entitled to relief."  See Arnold v. United States, 63 F.3d 708, 709 (8th Cir. 1995).  A Rule 11 violation does not justify section 2255 relief unless the violation "`results in a complete miscarriage of justice,' or is `inconsistent with the rudimentary demands of fair procedure.'"  Holloway v. United States, 960 F.2d 1348, 1353 (8th Cir. 1992) (quoted cases omitted).  We agree with the district court that its noncompliance with Rule 11(c)(1) constituted harmless error because Barahona has not established he was prejudiced by the court's omissions.  See Fed. R. Crim. P. 11(h) (any variance from procedures required by Rule 11 not affecting substantial rights shall be disregarded); see also United States v. Young, 927 F.2d 1060, 1062 (8th Cir.) (applying Rule 11(h) to Rule 11(c)(1) violation), cert. denied, 502 U.S. 943 (1991).

As to his supervised-release claim, Barahona was advised that he was subject to a statutory maximum term of life imprisonment.  Assuming that Barahona serves his entire 121-month sentence, violates his supervised-release conditions one day before expiration of his supervised-release term, and is required to serve his entire supervised-release term in prison, his total prison sentence will still not exceed the maximum life sentence of which he was advised.  Cf. United States v. Osment, 13 F.3d 1240, 1243 (8th Cir. 1994) (concluding that district court's failure to advise defendant of effect of supervised-release term could not be deemed harmless, because in worst-case scenario, defendant's total potential imprisonment could exceed maximum prison sentence described by court at plea hearing).  Furthermore, Barahona has not asserted that he would not have pleaded guilty had he been advised of the effect of supervised release and of the court's power to

depart from the Guidelines range.  See Holloway, 960 F.2d at 1354; cf. Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990) (trial court's misstatement in plea hearing constitutes reversible error only if it "plays a material factor" in defendant's decision to plead guilty), cert. denied, 501 U.S. 1235 (1991).

We also agree with the district court that Barahona procedurally defaulted his downward-departure claims by failing to present them in the sentencing court or on direct appeal.  See United States v. Ward, 55 F.3d 412, 413-14 (8th Cir. 1995).  Finally, we conclude that the court did not abuse its discretion in denying Barahona's motion without a hearing.  See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (standard of review).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.