STATE of Missouri, Respondent,

v.

Allen F. VAN ORMAN, Appellant.

No. 63602.

Supreme Court of Missouri, Division No. 1.

Dec. 3, 1982.

girl in violation of § 566.060, RSMo 1978, and his punishment fixed at life imprisonment. He contends the trial court erred in submitting the issue of serious physical injury to the jury and also erred in admitting certain trial evidence. We affirm.

Initially, we note that defendant concedes there was sufficient evidence to submit the class B felony of sodomy to the jury. However, he avers the evidence fell short of demonstrating the child suffered serious physical injury as a result of the assault. He points out that the maximum sentence which could have been imposed for class B sodomy is 15 years under § 558.011, RSMo 1978.

The General Assembly has defined the crime of sodomy in § 566.060, RSMo 1978, and, inter alia, provided that in the event the actor inflicts serious physical injury on any person the offense is a class A felony.[1] The term "serious physical injury" is defined in the present criminal code by § 556.061(24), RSMo 1978, to mean "physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."

In our review of defendant's contention, we consider those facts and all favorable inferences readily to be drawn therefrom in light most favorable to the verdict of the jury and cast aside all contrary evidence and inferences. *State v. Arnold,* 566 S.W.2d 185 (Mo. banc 1978).

There was direct testimony from the defendant's 16-year-old step-son, corroborated in parts by testimony of the victim's seven-year-old brother, that the defendant, naked, came into the bedroom where they and the little girl were sleeping in the wee hours of the morning. Defendant pulled down the girl's pajama bottoms and then stated he needed to get something for his finger. Defendant left the room for a few minutes and then returned. He put his hand between the girl's legs and then got

Robert R. Parrish, Acting Public Defender, Joplin, for appellant.

John Ashcroft, Atty. Gen., Nancy K. Baker, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Defendant Allen F. Van Orman was tried and convicted of sodomizing and inflicting serious physical injury upon a four-year-old

1. Class A felonies are punishable under § 558.-011, RSMo 1978, by terms of not less than 10 years nor more than 30 years, or by life imprisonment.

on top of her. The child screamed, whereupon the defendant left the room after admonishing the two boys to keep quiet. The older boy comforted the girl and she went back to sleep.

The victim and her brother remained at defendant's home until their mother came to pick them up later in the morning. She had brought clean clothing for them and took her daughter into the bathroom to change her clothing. As the child was undressed, the mother observed blood on the girl's undergarments and body. She was also able to see that the child's vagina was split and red. Before the mother could inquire as to what had happened, the girl commenced crying, became hysterical, and exclaimed that the defendant "had put something on her" and "had hurt her." Blood of the same type of the victim was found on the sheet and mattress [2] where she had been sleeping and finger nail scrapings from the defendant revealed blood of the same type.

The child was taken by the mother to a medical doctor who examined her and took photographs. Using the photographs in connection with his testimony, the doctor testified he found a fresh tear one and a half to five-eighths inches long to the posterior portion of the child's vagina which would leave permanent scarring and would cause discomfort and difficulty in terms of sexual functioning in the future. He opined the child had lost as much as three ounces of blood and some areas of her pubic area still had pinpoint bleeding when he examined her. He stated that something, such as a finger, being forced into the girl's vagina was the cause of the tearing, bleeding and swelling he described.

From the foregoing, the jury could reasonably find the injuries to the girl were caused by the defendant's insertion of one or more fingers into her body; further, that the permanent scarring would impair the sexual functions of the victim and cause her pain as she matured. The point is denied.

Defendant next complains reversible error was committed by the trial court in permitting the mother, over objection, to relate to the jury the statements which incriminated the defendant.

■ Defendant's trial objection was that the statements were hearsay. His motion for a new trial was directed solely to the hearsay nature of the statements. Here, however, he seeks to broaden the scope of his complaint by the additional averment that the child was not competent to testify because of her tender age, citing § 491.060, RSMo 1978. The matter of the child's competency is not for our review because it was not preserved by proper objection and in defendant's motion for a new trial. Rule 29.11; *State v. Brookshire*, 353 S.W.2d 681 (Mo. banc 1962); *cert. denied*, 371 U.S. 67, 83 S.Ct. 55, 9 L.Ed.2d 119 (1962). Nevertheless, as we shall shortly see in discussing the child's statements to her mother, the competency of the young victim does not pose the problem that might be present in other situations.

The statements of the little girl were offered by the State as an exception to the hearsay rule and under what is commonly referred to as *spontaneous statements* [22A C.J.S. Criminal Law § 662(3) (1961)], *res gestae* or spontaneous exclamations [29 Am. Jur.2d, Evidence § 708 (1967)], excited utterances [McCormick, Handbook of the Law of Evidence, § 272 (1954)], or spontaneous exclamations [6 Wigmore, Evidence § 1745 (Chadbourn Rev.1976)].

"This general principle is based on the experience that, under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock." 6 Wigmore, Evidence § 1747.

**2.** The bloodstained sheet and mattress were received as exhibits. The step-son saw defendant remove the sheet from the bed and put it in the dirty laundry. *It was found by officers in defendant's trash can. The witness also observed defendant turn the mattress over.*

The essential test for admissibility of a spontaneous statement or excited utterance is neither the time nor place of its utterance but whether it was made under such circumstances as to indicate it is trustworthy. The rationale of this exception to the hearsay rule is that where the statement is made under the immediate and uncontrolled domination of the senses as a result of the shock produced by the event, the utterance may be taken as expressing the true belief of the declarant. *State v. Rogers,* 585 S.W.2d 498 (Mo.App.1979). Applying the rule to the instant case, we have no difficulty in ruling, as defendant tacitly concedes, the four-year-old victim's statements were spontaneous utterances and properly received as evidence. During the early hours of the morning she had been sexually attacked by the defendant while asleep in his home. As soon as she and her mother were alone and without prompting or inquiry, she burst into tears, became hysterical, and attempted to explain what had happened to her. "Since this utterance [was] made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or at least as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker's belief as to the facts just observed by [her]; and may therefore be received as testimony to those facts." 6 Wigmore, Evidence § 1747.

The key requirements of the admissibility of such an extra-judicial statement are that the declarant has been subjected to a startling occasion, the statement is made before time to fabricate, and relates to the circumstances of the occurrence. And, as noted by 6 Wigmore, Evidence § 1750, the time of the utterance need not be strictly contemporaneous with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its way and to be dissipated. Further, where there have been sexual assaults of young children the courts have recognized the necessity of the application of the exception of spontaneous exclamations. And, the text authorities are in agreement that, contrary to defendant's abortive point as to the child's incompetency, even though a child is too young to be a witness the statements should nevertheless be receiveable because the peculiar nature of the exception renders the matter of competency substantially inapplicable. Thus, it has been generally held that evidence of spontaneous declarations of infants is admissible despite the incompetency of the child as a witness. Wigmore, *supra;* McCormick, *supra;* 29 Am.Jur.2d, Evidence 728 (collecting cases); 22A C.J.S. Criminal Law § 662(7). We deny the point.

Defendant's remaining points were not preserved for review because not objected to at trial and not carried forward in his motion for a new trial. We decline his invitation to consider them under the plain error doctrine [Rule 29.12(b)] because our review of the trial transcript convinces us no manifest injustice or miscarriage of justice resulted from the alleged errors.

The judgment is affirmed.

All concur.