**Delane COLVIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 85–1088.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 10, 1986 *.

Decided Aug. 26, 1986.
Rehearing and Rehearing En Banc Denied
Oct. 1, 1986.

---

* This case was argued on January 13, 1986. The last post-argument submission by the parties, requested by the Court, was received on July 10, 1986.

Barry S. Ginsburg, Clayton, Mo., for appellant.

Henry J. Fredericks, St. Louis, Mo., for appellee.

1. The Hon. David D. Noce, United States Magistrate for the Eastern District of Missouri.

Before HEANEY, ARNOLD, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Delane Colvin was convicted in 1981 on two counts of sale and distribution of a stolen motor vehicle in violation of 18 U.S.C. § 2313. The charges involved a vehicle sold by Colvin in Cape Girardeau, Missouri, the previous September. He was sentenced to four years in prison. He served two years and was then released. In 1983, he filed this proceeding under 28 U.S.C. § 2255, alleging that his defense lawyer had been ineffective in representing him. On the recommendation of a United States Magistrate,[1] the District Court[2] denied the petition for post-conviction relief. This appeal followed.

At trial, Colvin did not deny participating in the sale of the stolen vehicle as charged. His defense was that he was himself an informant for the FBI in Kentucky, and that the crimes for which he was indicted were part of the activities he was pursuing for the FBI. Colvin contended, in effect, that the FBI had authorized him to commit the crime charged. The present post-conviction proceeding is based on the theory that Colvin's trial counsel was constitutionally ineffective in pursuing this defense (if, indeed, it is a defense).

Judge Noce's report and recommendation, filed November 28, 1984, thoroughly examines all of the contentions made by Colvin in the District Court. Substantially for the reasons set forth in his report and recommendation, we also reject these contentions.

On appeal, questions arose about certain documents, arguably exculpatory, that had not been obtained by Colvin's trial counsel and, moreover, had not, up to that point, been obtained by counsel handling this post-conviction proceeding. This Court entered an order, after oral argument, directing the United States to deliver to it "any material in its possession or control relat-

2. The Hon. John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

ing to Mr. Colvin's allegations concerning his relationship with Bureau agents, ... whether those documents are held by prosecutors in Missouri or Kentucky, by the Office of Professional Responsibility of the Justice Department in Washington, or elsewhere." The government has complied with this order, and we have examined the submitted materials in detail. In addition, we have had the benefit of briefs from the parties on the question whether Colvin's present counsel should be allowed to see the materials, which have, up until now, been kept *in camera* by this Court.

■ Our examination of the documents leaves us convinced that no purpose would be served by turning them over to Colvin's lawyer. The question presented is whether Colvin's trial counsel was constitutionally ineffective. Even if it could be said that counsel was constitutionally deficient in not pursuing and obtaining more documents from the government at the time of trial, a proposition doubtful in itself, it cannot be said, in our view, that the second "prong" of the ineffective-assistance-of-counsel test has been met. That is, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). "Reasonable probability" for this purpose is defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Ibid.* Here, the documents in question might arguably have contributed to Colvin's defense, but the contribution would have been marginal only. Colvin would perhaps have been able to attack the credibility of Agent Long more convincingly, but material bearing only on credibility is rarely significant enough to meet the *Strickland* standard. The materials that the government has submitted, to the extent that they are helpful to Colvin's position at all, do not bear directly on the crimes charged. They have to do, instead, with his activities in Kentucky, where he worked with Agent Long. In addition, Colvin has obtained, from other sources, some of the materials in question, including Agent Long's own written statement.

■ If the case is viewed not from the perspective of what Colvin's trial counsel should have done, but rather as involving newly discovered exculpatory evidence, the result is the same. The evidence, including documents in existence at the time of Colvin's trial, as well as documents coming into existence thereafter, is simply not sufficiently material to justify the granting of a new trial. The Supreme Court has adopted the *Strickland* standard of materiality or prejudice for use in this context. *United States v. Bagley,* — U.S. —, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). We have, in other words, considered not only what trial counsel might have been able to develop had she had in her possession at the time those documents that then existed. We have considered also what diligent counsel for Colvin might be able to do at a new trial, if one were ordered, with all of the documents in question, including those coming into existence after the trial that resulted in his conviction. After considering the case from both these perspectives, our conviction is firm that there is no substantial chance of an acquittal. There is arguable misconduct on the part of one FBI agent with respect to events occurring in another state, but that is not at all the same thing as saying that Colvin has, or might have, a good defense to the present charges.

■ We have considered whether the ends of justice might better be served if all of the materials that have been submitted to us were delivered to Colvin's present counsel for his inspection. Our answer to this question is no. We ourselves have examined the material, and we have the benefit of knowing the kinds of arguments that counsel would make if he had access to them. (Indeed, as already noted, he has received some of the materials.) In this situation, we see no substantial purpose to be served by prolonging this matter, and we therefore deny the request that the materials submitted by the government *in*

*camera* be turned over to defense counsel for his inspection. This is essentially the same procedure followed in *United States v. West*, 672 F.2d 796 (10th Cir.1982), *cert. denied*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982). The documents submitted are not sufficiently relevant to justify their disclosure. We therefore need not reach the issue of executive privilege, asserted by the government in opposition to the request that the documents be released.

The documents, submitted *in camera*, will therefore not become part of the public record. Accordingly, it is unnecessary to consider whether the public, including the Better Government Association, has a common-law right to inspect them as public records. The motion of the Better Government Association for such inspection is denied.

The judgment of the District Court, dismissing Colvin's petition under 28 U.S.C. § 2255, is affirmed. The Clerk of this Court is directed to return to the United States the documents submitted by it in response to our previous order.

It is so ordered.