UNITED STATES of America, Appellee,

v.

HUGH CHALMERS
CHEVROLET–TOYOTA,
INC., Appellant.

UNITED STATES of America, Appellee,

v.

Hugh "Buster" CHALMERS, Appellant.

UNITED STATES of America, Appellee,

v.

Hugh B. CHALMERS, Appellant.

UNITED STATES of America, Appellee,

v.

Robert O. MORRISON, Appellant.

UNITED STATES of America, Appellee,

v.

John William TUCKER, Appellant.

No. 85–1750.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1986.

Decided Aug. 29, 1986.

Fred M. Pickens, Newport, Ark., for appellant.

Kenneth F. Stoll, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG, and BOW-MAN, Circuit Judges.

FAGG, Circuit Judge.

Defendants appeal from convictions involving the disconnection of automobile odometers, 15 U.S.C. § 1984; 18 U.S.C.

§ 2, as well as conspiracy to disconnect automobile odometers, 15 U.S.C. § 1986. Finding no reversible error, we affirm.

Hugh-Chalmers Chevrolet-Toyota, Inc. (dealership) operates an automobile franchise in West Memphis, Arkansas. Although founded by "Buster" Chalmers, at the time of the incidents in question, the dealership was owned by the founder's son, Hugh B. Chalmers. Robert Morrison and John Tucker held the positions of general sales manager and leasing manager, respectively.

■ Defendants claim initially that the trial court misapplied Fed.R.Evid. 608(b) when it excluded evidence intended to undermine the credibility of a key government witness. On appeal, defendants do not challenge the trial court's rejection of the theory of admissibility argued at trial. Rather, defendants for the first time assert an entirely new theory of admissibility that was neither presented to nor ruled upon by the trial court. Specifically, defendants assert the excluded evidence should have been admitted to show bias on the part of the government's witness. Defendants had the burden of raising this theory of admissibility before the trial court. Because defendants failed to do so and in so doing failed to allow the trial court an opportunity to address it, we decline to consider this theory for the first time on appeal. *See United States v. Pugliese,* 712 F.2d 1574, 1580 (2d Cir.1983); *United States v. Coven,* 662 F.2d 162, 174–75 (2d Cir.1981), *cert. denied,* 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 176 (1982); *United States v. Anderson,* 618 F.2d 487, 491 (8th Cir.1980).

■ On a second evidentiary matter, the dealership argues that the trial court committed reversible error when it excluded evidence suggesting the dealership might lose its GMC franchise if convicted. Even assuming this evidence had some marginal relevance to the issues before the court, we cannot conclude the trial court committed reversible error when it refused to admit this collateral evidence of a largely specula-

tive event that might under certain circumstances occur in the future.

■ The dealership also claims that a corporate entity cannot be subject to criminal prosecution for conspiracy solely among its own agents. We disagree. This court has recently rejected an identical argument and held that a corporation may be responsible when two or more high ranking or authoritative agents engage in a criminal conspiracy on its behalf. *United States v. American Grain & Related Industries,* 763 F.2d 312, 320 (8th Cir.1985). Thus, the dealership was properly charged under 15 U.S.C. § 1986. In reaching this conclusion, we necessarily conclude that section 1986 is applicable to corporations and reject as without merit the dealership's contention that section 1986 provides no notice of its potential applicability to corporations.

■ The dealership next challenges the sufficiency of the evidence to sustain its conviction on the substantive charge related to a 1979 Chevrolet Caprice. The dealership argues the evidence is insufficient because neither the identity of the particular person who disconnected the odometer nor the scope of employment with the dealership was specifically established at trial. When an attack is made upon the sufficiency of the evidence, the verdict will not be disturbed when there is substantial evidence, viewed in the light most favorable to the government, which supports it. *United States v. Matlock,* 773 F.2d 227, 229 (8th Cir.1985). That evidence may be circumstantial. *United States v. Coronel-Quintana,* 752 F.2d 1284, 1292 (8th Cir.1985).

Here, the evidence is uncontradicted that the 1979 Caprice, which had been in the custody and control of the dealership, was sold to Madeline Connor with an inoperative odometer and with tire tread wear greater than it should have been had the odometer reading been correct. From this evidence, the jury could reasonably infer that the odometer had been disconnected by an agent of the dealership acting on its behalf. We believe there is sufficient circumstantial evidence pertaining to this

charge to support the jury's verdict against the dealership.

■ As a final point, defendant Morrison challenges the sufficiency of the evidence with respect to his conviction for ordering the disconnection of the odometer of a 1980 Chevrolet Malibu. Morrison argues that the only evidence supporting his conviction was the hearsay testimony of a former employee of the dealership, Jack Stanford.

At trial, Stanford testified that co-defendant Tucker told Stanford that Morrison had ordered the disconnection of the odometer on the Malibu. At the time of the conversation, the Malibu was assigned to Stanford as a demonstrator automobile. This testimony was admitted into evidence without objection, and on appeal Morrison does not challenge its admissibility. Rather, he argues that as the sole evidence connecting him to the otherwise established crime the statement is not sufficient to support his conviction. We disagree.

"[W]here there is no objection to hearsay evidence, the jury may consider it for whatever value it may have; such evidence is to be given its natural probative effect as if it were in law admissible." *United States v. Foster*, 711 F.2d 871, 877 (9th Cir.1983); *United States v. Phillips*, 664 F.2d 971, 1026 (5th Cir.1981); *United States v. Carney*, 468 F.2d 354, 357 (8th Cir.1972).

Thus, Tucker's statement came into the record without any legal handicap as to its probative force. The evidence of Morrison's involvement with the Malibu was properly before the jury in this case and was sufficient to support his conviction.

Having considered each of the arguments raised by defendants and finding no reversible error, we affirm the judgment of the district court.