**UNITED STATES of America, Appellee,**

v.

**Jimmy Dean ELEM, Appellant.**

**No. 87–1003.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1987.

Decided April 22, 1988.

James C. Delworth, St. Louis, Mo., for appellant.

Richard L. Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant, Jimmy Dean Elem, appeals from the district court's[1] judgment entered on a jury verdict convicting him for possession of a firearm by a convicted felon in violation of Title 18 U.S.C. app. § 1202(a)(1) (West Supp.1984). The district court sentenced appellant to a sentence of twenty-two years with no probation or parole, however, this term was made to run concurrently with a twenty-five-year sentence that appellant was already serving for the State of Missouri. On this appeal, appellant claims that the district court erred in (1) denying his motion for a mistrial because the prosecutor made improper and prejudicial remarks during closing argument, (2) granting the government's motion *in limine* to exclude certain exculpatory statements made by appellant, (3) rejecting appellant's argument that 18 U.S.C. app. § 1202(a)(1) violates the due process clause, and (4) sentencing appellant under the enhanced penalty provisions of 18 U.S.C. app. § 1202 because the government's evidence did not establish three prior convictions. We affirm in part, reverse in part, and remand with directions.

This prosecution began in a dispute between one Charles Evans and appellant over the ownership of a backgammon set. According to Evans appellant threatened Evans with a gun. Thereafter, Evans' sister called the police. After the police arrived at Evans' home, and while Evans was explaining to the police what had happened, appellant drove by in his car. Officer Reed followed appellant's car and saw appellant throw a "silver colored object" and a brown paper bag from his car. Officer Reed pulled over to the curb and retrieved the "silver colored object," which turned out to be a 32–cal. semi-automatic pistol. Officer Atwood, a second police officer, who had been following Officer Reed, continued after appellant and pulled him over. When questioned thereafter, appellant made several exculpatory statements to the officers. Officer Reed went back, picked up Evans and brought him to the "arrest scene." Evens identified appellant, the pistol and the backgammon set.

Firearm experts later tested the pistol and found it to function properly. The pistol was manufactured in Connecticut in 1909 or 1910. An ATF agent testified that appellant had one 1979 robbery conviction and three 1976 robbery convictions. Fingerprint comparisons established that appellant was the defendant in each of the prior convictions.

Appellant's first argument on appeal is that the district court erred in denying his motion for a mistrial because of improper statements made by the prosecutor during closing argument. He specifically alleges three violations: (a) commenting on the failure of appellant to testify, (b) giving of the prosecutor's personal opinions, and (c) attacking appellant's character. First, we note that the decision whether to grant a mistrial, which is a very drastic remedy, lies within the sound discretion of the district court. *United States v. Robinson*, 774 F.2d 261, 277 (8th Cir. 1985). Generally, admission of prejudicial statements made either during the trial or in closing arguments can be cured by striking them and instructing the jury to disregard them. *United States v. Muza*, 788 F.2d 1309, 1312 (8th Cir.1986). In the present case, however, appellant voiced no objection during the entire course of the government's rebuttal argument. When

---

**1.** The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

counsel for appellant did object, only twenty seconds remained before the case was to be given to the jury. At that point the court, noting that only twenty seconds remained for the conclusion of the government's argument, informed defense counsel that he could make his record later, which counsel did after the court had instructed the jury.

■ Our examination of the record discloses that none of the arguments now being advanced by appellant were made to the district court. Unquestionably, appellant had the burden of presenting his theories to support his objection to the district court in order to give the court an opportunity to rule. Because appellant failed to do this, and in so failing did not give the district court an opportunity to address them, we could decline to consider these theories for the first time on appeal. *United ed States v. Hugh Chalmers Chevrolet–Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir. 1986). Nevertheless, because of the severe sentence entered in the present case, we have examined each of the objections and complaints made by appellant. Turning to appellant's first argument that the prosecutor commented on appellant's failure to testify, we find that none of the remarks made is subject to the interpretation placed upon them by the appellant. At best the prosecutor's argument was an attempt to establish the principle of one's accountability for his or her actions. We do not believe that the prosecutor's statements to the jury impermissibly commented on appellant's failure to testify. The remarks made were not intended to be a comment upon appellant's failure to testify nor were they of such a nature that a reasonable jury would naturally and necessarily view them as a reference to his failure to testify. Therefore, we rule against appellant on this issue.

■ Next we consider appellant's claim that statements made by the prosecutor were the prosecutor's personal opinions, offered and considered by the jury as attacks upon appellant's character. We note that appellant failed to make any objection to these remarks by the prosecutor.

Absent an appropriate objection, motion for a mistrial or request for explanatory instruction, error cannot be predicated upon a claim of improper argument. *Patterson v. United States*, 361 F.2d 632, 636 (8th Cir.1966). Consequently, we have reviewed appellant's claim under the plain error doctrine, and we do not find that any of the prosecutor's remarks affected appellant's substantial rights resulting in a miscarriage of justice. *United States v. Moore*, 735 F.2d 289, 293 (8th Cir.1984); *United States v. Boykin*, 679 F.2d 1240, 1245 (8th Cir.1982).

Next appellant challenges the district court's ruling upon the government's pretrial *in limine* motion to exclude certain exculpatory statements made by the appellant to the police at the time he was taken into custody. Appellant, in response to a police question about whether the gun was his, answered, "No," and in response to a police inquiry about the flourishing of a weapon, appellant answered, "You won't be able to make that." Appellnat now contends that these statements were admissible as a part of the *res gestae* or as excited utterances under Fed.R.Evid. 803(2). The district court disagreed and excluded both statements as impermissible hearsay.

■ The doctrine of *res gestae* has an undistinguished past. According to Wigmore, courts in general have reduced the term *"res gestae"* to a useless and misleading shibboleth by embracing within it two separate and distinct categories of verbal statements, one of which is truly an exception to the hearsay rule and the other of which is not, the two being admissible in evidence under different principles. 6 Wigmore, *Evidence* § 1767, at 255 (Chadbourn rev. 1976). When the utterance of certain words consitutes or is part of the details of an act, occurrence or transaction which in itself is relevant and provable, the utterance may be proved as a verbal act, just as may be a visual observation of an event. This is not hearsay evidence; it is not admitted for the purpose of proving the truth of what was said, but for the purpose of describing the relevant details of what took place. One of the several qualifications for

admissibility of this type of statement is that "the words must be *contemporaneous with the conduct,* or, in the usual phrase, must accompany the act." *Id.* § 1776, at 273 (emphasis in original).

◼ The character of utterance that is admissible as a genuine exception to the hearsay rule, also under the customary label of *"res gestae,"* is a spontaneous exclamation, which may or may not be exactly contemporaneous with the provable act or event. *Id.* § 1745 *et seq.*

> The typical case presented is a statement or exclamation, by a participant, immediately after an injury, declaring the circumstances of the injury, or by a person present at an affray, a railroad collision or other exciting occasion, asserting the circumstances of it as observed by him.

*Id.* § 1746, at 194 (emphasis omitted). This type of statement is received in a testimonial capacity as evidence of the truth of the fact asserted. *Id.*

> This general principle is based on the experience that, under certain external circumstances a physical shock, of stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or at least as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him; and may therefore be received as testimony to those facts.

*Id.* § 1747, at 195.

◼ Under the genuine "verbal act" doctrine the conduct and the verbal utterance must be by the same person, but under the spontaneous exclamation exception to the hearsay rule, "that nervous excitement which renders an utterance admissible may exist equally for a mere bystander as well as for the injured or injuring person, and therefore the utterances of either, concerning what they observed, are equally admissible." *Id.* § 1755, at 228. In the present case we are dealing with post-arrest exculpatory and self-serving statements of appellant. In his brief appellant cites both prongs of what has been defined by courts as coming under the aegis of the *res gestae* doctrine, i.e., the verbal acts doctrine, and the excited utterance doctrine. Appellant seems to rely, however, not on the verbal acts doctrine but on the excited utterance doctrine.

◼ Here, the statements made by appellant were made after he was in custody and was the focus of a criminal investigation. The statements were given in answer to questions asked of him by the officers. Appellant under these circumstances would have every motive to fabricate a statement after some reflection in an attempt to extricate himself. Furthermore, the government could never test the truth of the statements made by appellant because he did not testify. In *United States v. Woosley,* 761 F.2d 445, 449 (8th Cir.1985), this court said that it is the excitement and the spontaneity that supply the indicia of trustworthiness and reliability which supports the admission of hearsay under this exception. Here we find nothing in the record to support appellant's contention that he was unduly excited so as to alter any of his conscious reflections.

◼ Next, we take up appellant's claim of error that 18 U.S.C. app. § 1202(a) violates the due process clause by presenting to the jury three or more robbery or burglary convictions as an element of the offense. Essentially, appellant's argument is premised upon a finding that the amendment to 18 U.S.C. app. § 1202 constitutes a new offense. The amendment to 18 U.S.C. app. § 1202 provides, in relevant parts, that:

> In the case of a person who receives, possesses, or transports in commerce or affecting commerce, any firearm and has

three previous convictions by any court referred to in paragraph 1 of this subsection for robbery or burglary.... shall be guilty of a crime. Appellant argues that this amendment constitutes a new offense and not merely a punishment enhancement provision. In *United States v. Rush*, 840 F.2d 574, 578 (8th Cir.1988) (en banc), this court ruled that the amendment to 18 U.S.C. app. § 1202(a) is a punishment enhancement provision, rather than a separate offense. Consequently, the argument now being made by appellant must be rejected.

■ Finally, appellant argues very forcefully that the district court erred in sentencing him under the sentence enhancement provisions of 18 U.S.C. app. § 1202(a) because of insufficient evidence. In order to sentence a defendant under the enhanced penalty provisions of § 1202(a), the defendant must have three prior convictions for robbery or burglary. Appellant was convicted of three counts of first-degree robbery by means of a deadly weapon on July 8, 1976, and again convicted of first degree robbery on January 17, 1979. The three 1976 robbery convictions arose out of one distinct incident in which three individuals were robbed. Consequently, appellant argues that the 1976 convictions are simply one adjudication of guilt, and therefore the government established only two separate incidents and adjudications.

The question presented by this argument is whether three burglary or robbery convictions arising out of one incident of robbery or burglary should be treated as one conviction or three for the purpose of applying § 1202(a). We recently addressed this question in *United States v. Petty*, 828 F.2d 2 (8th Cir.1987). In that case we held that where there is a single robbery involving multiple victims, multiple convictions on separate counts constitute only one conviction for purposes of the enhancement provisions of 18 U.S.C. app. § 1202(a). *Id.* at 3. As a result, the government's evidence in this case supports a finding of only two prior convictions. Accordingly, appellant could not be sentenced under the enhanced penalty provisions of 18 U.S.C.

app. § 1202(a). We therefore affirm the judgment of the district court in all respects except its sentencing of appellant under the enhancement provisions of 18 U.S.C. app. § 1202(a). The case is remanded to the district court for resentencing.