**UNITED STATES of America, Appellee,**

v.

**Eric Alan HILL, Appellant.**

**No. 87–5390.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided Dec. 27, 1988.

Kenneth A. Olson, Fargo, N.D., for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Defendant Eric Alan Hill appeals from his conviction of two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B). The district court[1] sentenced Hill to five years on count one and two years on count two, the sentences to run consecutively. Hill appeals, arguing the district court erred in denying his motion to suppress the two weapons involved and arguing further that his counsel was ineffective. We affirm.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

### I. Motion to Suppress

■ Hill challenges the district court's denial of his motion to suppress on the ground that the two firearms admitted into evidence were obtained by police as a result of a pretextual arrest, 666 F.Supp. 174 (N.J.1946). Because independent evidence convincingly establishes Hill possessed the weapons at issue, we conclude any error in admitting the weapons into evidence was harmless.

The facts relating to Hill's motion to suppress may be briefly summarized as follows: on April 14, 1987, Narcotics Detective Graber of the Fargo Police Department, Special Agents Bazzano and Sohm of the North Dakota Drug Enforcement Unit, and Detective Pederson of the Moorhead Police Department were conducting surveillance of defendant's car. The officers had reason to believe—short of probable cause—that defendant was involved in drugrelated activity. Upon learning that defendant's driver's license had been suspended, they decided to arrest him on that basis as an "investigatory tool." When the officers observed defendant enter his car and drive away, they instructed Linda Tuscow, an onduty Fargo Police Officer, to arrest him.

Tuscow stopped the defendant and placed him under arrest for driving under suspension.[2] Tuscow was joined by the other officers, and Detective Graber conducted a pat-down search of Hill. Graber discovered an empty gun holster on Hill's belt near the small of his back and found two plastic bags and a film canister containing controlled substances on his person. Hill was given *Miranda* warnings and placed in Tuscow's vehicle.

Detective Graber and Special Agent Bazzano then walked over to Hill's vehicle, and observed the butt of a handgun protruding from under the front seat. Graber opened the car door and removed the gun. A check with the National Crime Information Center revealed that the handgun had been stolen, along with seven other weapons.

Based upon the discovery of the controlled substances and the stolen handgun, a search warrant was obtained for Hill's residence. A rifle and several other items were seized from the house.

The day following his arrest, Hill requested a meeting with Detective Graber. After receiving his *Miranda* warnings again, Hill stated that he wished to talk about the handgun and the rifle, but not the drugs. Hill subsequently admitted possession of both guns, stating that he had obtained the handgun from an individual who had assured him the gun was not stolen and that he had obtained the rifle in a business deal. Two days later, Hill told an Alcohol, Tobacco and Firearms agent substantially the same thing.

In ruling on Hill's motion to suppress evidence prior to trial, the district court assumed Hill's arrest was a mere pretext to search for controlled substances, which, in the court's view, required suppression of the controlled substances discovered as a result of the pat-down following Hill's arrest. The court refused to suppress the handgun found in Hill's car, however, citing *United States v. Hollman*, 541 F.2d 196 (8th Cir.1976), and reasoning that the officers' observation of the gun in "plain view" did not involve a fourth amendment search. The court also refused to suppress the rifle, finding the defendant had failed to prove the warrant used to obtain the rifle was invalid because it had not been provided to the court for review in connection with defendant's motion. Finally, the court ruled Hill's statements to Graber and the Alcohol, Tobacco and Firearms agent were admissible because Hill knowingly and intelligently waived his right to counsel and his statements were voluntary.

Hill does not challenge the admissibility of his statements concerning his possession of the handgun and the rifle in this appeal. He claims only that the trial court erred in

---

**2.** Driving under suspension is a Class B misdemeanor, punishable by a $500 fine and 30 days in jail. N.D.Cent.Code, § 39–06–42(1) (Replacement 1987); *id.* § 12.1–32–01 (Replacement 1985). There is no evidence in the record concerning normal police procedure for a driving under suspension violation.

admitting the handgun and rifle as physical exhibits. Hill strongly urges that the seizure of both weapons was the direct result of the pretextual arrest, and cannot be justified upon a "plain view" or any other basis.

We agree that an arrest "may not be used as a pretext to search for evidence." *United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). In this case, however, even assuming the district court erred in refusing to suppress the weapons at issue, we find such error harmless in view of defendant's own admissions that he possessed both the handgun and the rifle.

"[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986); *United States v. Hasting*, 461 U.S. 499, 508–09, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1982); *Chapman v. California*, 386 U.S. 18, 22–24, 87 S.Ct. 824, 826–28, 17 L.Ed.2d 705 (1967). The question a reviewing court must ask is this: absent the district court's admission of the challenged evidence, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty? *Hasting*, 461 U.S. at 510–11, 103 S.Ct. at 1981. *See United States v. Leroux*, 738 F.2d 943, 950 (8th Cir.1984). In this case, defendant's own statements, admitted at trial without objection and unchallenged in this appeal, establish he possessed the handgun and rifle which formed the basis for the two weapons possession charges against him.

The erroneous admission of evidence which is merely cumulative, in the face of otherwise strong evidence of guilt, constitutes harmless error. *See Lam v. Iowa*, 860 F.2d 873, 877 (8th Cir.1988); *Leroux*, 738 F.2d at 950; *United States v. Callison*, 577 F.2d 53, 55 (8th Cir.), *cert. denied*, 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187 (1978). In view of defendant's own admis-

sions concerning the firearms at issue, any error in allowing the introduction of the guns themselves was harmless.

## II. Ineffective Assistance

■ Defendant also claims his trial counsel was ineffective in several respects. He argues counsel should have challenged the search warrant which led to the discovery of the rifle and should have filed the application for search warrant and search warrant with the trial court along with his motion to suppress. Defendant claims further that his trial counsel was inexperienced and unprepared, failed to subpoena additional witnesses to present his case properly at the suppression hearing, did not handle the suppression hearing properly, and should have advised him to accept a plea bargain if the case against him appeared too strong.

In order to establish ineffective representation, "the defendant must prove both incompetence and prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). *See Nix v. Whiteside*, 475 U.S. 157, 164, 106 S.Ct. 988, 993, 89 L.Ed.2d 123 (1986). Thus, in this case, defendant must show both that counsel's representation fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2586, and that there exists a probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. *See Kimmelman*, 477 U.S. at 375, 106 S.Ct. at 2583; *Nix*, 475 U.S. at 165, 175, 106 S.Ct. at 994, 999; *Fink v. Lockhart*, 823 F.2d 204, 205 (8th Cir.1987).

After a careful review of all of defendant's allegations, we find his ineffectiveness claim must fail. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Nix*, 475 U.S. at 165, 106 S.Ct. at 994 (citing *Strickland*, 466 U.S. at 689, 104

S.Ct. at 2065), and defendant bears the burden of showing the challenged actions were not sound trial strategy. *Kimmelman,* 477 U.S. at 381, 106 S.Ct. at 2586. Moreover, and perhaps more importantly for purposes of this case, defendant must show there exists a reasonable probability that absent counsel's alleged ineffectiveness there would have been a reasonable doubt respecting his guilt. *Id.* (citing *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068).

The majority of defendant's ineffectiveness allegations concern counsel's conduct with regard to the suppression hearing. For the same reasons we concluded that any error in admitting evidence defendant sought to suppress was harmless beyond a reasonable doubt, we now hold defendant has failed to show that but for his counsel's alleged errors, the result of the proceeding would have been different. *See Colvin v. United States,* 799 F.2d 427, 429 (8th Cir. 1986); *United States v. Whitney,* 787 F.2d 457, 462 (8th Cir.1986); *Brown v. Lockhart,* 781 F.2d 654, 658 (8th Cir.1986).

### III. Conclusion

Defendant admitted, in two separate, voluntary statements, that he possessed the two firearms which formed the basis for his convictions. In the face of these admissions, any error in allowing the introduction into evidence of the weapons themselves is harmless. Defendant's ineffective assistance of counsel argument is equally without merit. Accordingly, the judgment of the district court is affirmed.