**David STIDUM, Appellant,**

v.

**Myrna TRICKEY, Appellee.**

No. 88–2279.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1989.

Decided Aug. 9, 1989.

Rehearing and Rehearing En Banc
Denied Sept. 15, 1989.

See also 684 S.W.2d 448.

Springfield Baldwin, St. Louis, Mo., for appellant.

Jared R. Cone, Jefferson City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and DUMBAULD,[*] District Judge.

BEAM, Circuit Judge.

David Stidum challenges the district court's[1] denial of his petition for writ of habeas corpus. We affirm.

## I. BACKGROUND

Stidum was charged in the Circuit Court of St. Louis, Missouri, with second-degree murder. On July 21, 1983, Stidum's counsel made an oral pre-trial motion to suppress statements made by the victim, James Hall. Stidum's counsel maintained that the statements were hearsay utterances, not admissible under any evidentiary exception. The trial judge convened a hearing on the motion.

At the hearing, police officer Alfred Adkins testified that, several minutes after receiving a call on a shooting, he arrived at the scene and found a car with the passenger door open and Hall lying across the seat. On a question and answer basis, Hall stated that Stidum shot him. He gave the officer a description of Stidum's appearance, attire, and weapon. Other officers testified that Hall identified Stidum as his assailant but that he was hesitant about giving additional information because drugs were involved. Based on this evidence, the trial judge overruled defense counsel's motion to suppress, reasoning that Hall's statements were admissible under the "excited utterance" exception to the hearsay rule and under the doctrine of res gestae.[2]

---

[*] The HONORABLE EDWARD DUMBAULD, Senior Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

[1] The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

[2] Although the Missouri Supreme Court has, at times, used "res gestae" and "excited utterance" interchangeably, *see State v. Van Orman*, 642 S.W.2d 636, 638 (Mo.1982), the two terms are distinguishable. The general principles, however, are the same. *See id.* (quoting 6 J. Wigmore, *Evidence* § 1747 (1976)).

The doctrine of res gestae allows "acts, statements, occurrences and the circumstances forming part of the main transaction [to] be shown in evidence * * * where they precede the offense immediately or by a short interval of

On October 11, 1983, the day of trial, Stidum's counsel renewed his objections to Hall's statements in a preliminary, in-chambers proceeding. The trial judge again denied suppression of the evidence, based on her previous ruling. Counsel then noted that he would be renewing his objection to keep the record clear. During trial, Stidum's counsel did not object to officer Adkins' testimony as to Hall's statements. After similar testimony by other officers, defense counsel renewed his objection to the hearsay statements.

The jury found Stidum guilty of second degree murder. On appeal, the Missouri Court of Appeals held that the hearsay issue was not properly preserved for appeal due to counsel's failure to object at trial to the admission of the evidence.

In his petition for writ of habeas corpus, Stidum alleged that (1) his sixth amendment right to confrontation had been denied because of admission of hearsay statements and (2) he was denied effective assistance of counsel due to his trial attorney's failure to object at trial to the introduction of the hearsay statements. The magistrate,[3] in his report and recommendation, concluded that the failure of Stidum's counsel to object timely at trial, coupled with Stidum's failure to show cause for his procedural default or any actual prejudice resulting therefrom, constituted a procedural bar to federal court review of the admissibility of Hall's statements. On the issue of ineffective assistance of trial counsel, the magistrate held that Stidum failed to meet his burden of showing the district court why, under the circumstances, the tactical decision not to object to the evidence at trial was objectively unreasonable, as required by *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Adopting the magistrate's recommendation, the district court denied Stidum's petition.

## II. DISCUSSION

### A. Confrontation Clause

■ Stidum contends that Hall's statements identifying Stidum as his assailant were inadmissible hearsay and thus violated his sixth amendment right to confront witnesses against him. In response, Trickey reiterates that procedural default bars review of this issue. Although the magistrate's analysis of the procedural bar was probably correct, we believe it to be more expeditious to go to the substance of the matter, violation of the Confrontation Clause, thus avoiding a review of the quagmire presented by a cause and prejudice analysis.

■ The Supreme Court has analyzed the relationship between the hearsay rules of evidence and the Confrontation Clause, concluding:

> [W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable.

time." *State v. Sherman*, 637 S.W.2d 704, 706 (Mo.1982) (en banc) (citations omitted). The doctrine encompasses two different concepts: (1) a hearsay exception for a statement made contemporaneously with the event, whether or not the event is exciting or startling, and (2) a hearsay exception for a statement made spontaneously as a result of a startling event, but not necessarily simultaneously with the event, also known as an excited utterance. *State v. White*, 621 S.W.2d 287, 295 (Mo.1981).

Missouri courts have long used the term "res gestae" to describe the admissability of evidence other than excited utterances. In more recent times, however, the Missouri Supreme Court has discouraged the use of the term because it "cover[s] different hearsay exceptions having diverse rationale" and thus "lack[s] analytical precision." *State v. Williams*, 673 S.W.2d 32, 34 (Mo.1984) (en banc) (footnote omitted). In addition, the court has given "a rather wide application to the excited utterance exception and held that statements which are essentially testimonial may qualify as excited utterances if made under conditions of stress." *Id.* at 34–35 (citing *State v. Griffin*, 662 S.W.2d 854 (Mo. 1983) (en banc), *cert. denied*, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984)).

It appears that Stidum's counsel and the Missouri courts have, in this case, considered the terms "res gestae" and "excited utterance" to mean the same thing. Therefore, we regard references to either term as falling within the definition expounded in *Griffin*. Throughout the remainder of this opinion, in the spirit of Missouri case law, we use only the term "excited utterance" when discussing the hearsay issue.

**3.** William S. Bahn, United States Magistrate for the Eastern District of Missouri.

Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.

*Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). Thus, reliability sufficient to satisfy the Confrontation Clause may be demonstrated merely by showing that the evidence was properly admitted under a hearsay exception which is deeply rooted in the common law. *Id. Cf. Hopkinson v. Shillinger*, 866 F.2d 1185, 1200 (10th Cir.1989) (holding that Wyoming's "catch-all" hearsay exception is not a firmly rooted hearsay exception, and therefore reliability is not demonstrated by proper admission of evidence).

We conclude that Hall's statements were properly admitted into evidence at trial because they fall within the "excited utterance" exception to the hearsay rule.[4] Stidum contends that the trial court erred in allowing admission of these statements under these rules because the statements were not spontaneous. We disagree.

A spontaneous exclamation may be defined as a statement or exclamation made immediately after some exciting occasion by a participant or spectator and asserting the circumstances of that occasion as it is observed by him. The admissibility of such exclamation is based on our experience that, under certain external circumstances of physical or mental shock, a stress of nervous excitement may be produced in a spectator which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, rather than reason and reflection, and during the brief period when consideration of self-interest could not have been fully brought to bear, the utterance may be taken as expressing the real belief of the speaker as to the facts just observed by him.

\* \* \* \* \* \*

The true test in spontaneous exclamations is not when the exclamation was made, but whether under all the circumstances of the particular exclamation the speaker may be considered as speaking under the stress of nervous excitement and shock produced by the act in issue \* \* \*.

6 J. Wigmore, *Evidence* § 1745, at 193 (1976) (quoting *Keefe v. State*, 50 Ariz. 293, 297, 72 P.2d 425, 427 (1937)). Accordingly, this court has previously held that "it is the excitement and the spontaneity that supply the indicia of trustworthiness and reliability which supports the admission of hearsay under this exception." *United States v. Elem*, 845 F.2d 170, 174 (8th Cir.1988) (citing *United States v. Woosley*, 761 F.2d 445, 449 (8th Cir.1985)). *See also United States v. Knife*, 592 F.2d 472, 481 n. 10 (8th Cir.1979).

Wigmore notes that the statements need not be made contemporaneously with the excited cause but "may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated." 6 J. Wigmore, *supra*, § 1750, at 203. The limit of time is not fixed and definite but depends on the circumstances of each case. *Id.*

Here, Hall made his identifying statements to officer Adkins while severely injured, bleeding and in pain, and apparently within minutes after being shot. Hall was "speaking under the stress of nervous excitement and shock produced by the act in issue." He had no reason to fabricate his story that Stidum shot him, and indeed he had every reason to accuse the person who actually caused the fatal wound. Under these circumstances, we conclude that Stidum's statements were made "spontaneously" within the definition of the excited utterance exception; that is, they were "the event speaking for itself through the instinctive words of the speaker, rather

---

**4.** Although the Missouri Court of Appeals stated that the identification statements of the victim were neither res gestae nor excited utterances, we are not bound by this *dictum*.

than words of a speaker narrating an event." *Picker X–Ray Corp. v. Frerker*, 405 F.2d 916, 922 (8th Cir.1969).

■ The excited utterance exception to the hearsay rule is one deeply rooted in the common law. *See Berrisford v. Wood*, 826 F.2d 747, 750 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988). Therefore, because Hall's statements were properly admitted under a "firmly rooted hearsay exception," it necessarily follows that the reliability of those statements is sufficient to satisfy the Confrontation Clause. Thus, Stidum's sixth amendment rights were not violated.[5]

**B. Ineffective Assistance of Counsel**

■ Stidum also claims that his attorney's failure to object at trial to the introduction of Hall's statements denied him his right to effective assistance of counsel. We disagree.

We reiterate that officer Adkins' testimony was admissible under a hearsay exception. Stidum's trial counsel may also have recognized that the evidence was admissible, which recognition would explain his failure to object.[6] Furthermore, we agree with the magistrate's conclusion that Stidum failed to prove that his counsel's decision not to object to the testimony was an unreasonable tactical decision.

**III. CONCLUSION**

Based on the foregoing reasons, we affirm the district court's denial of Stidum's petition for writ of habeas corpus.

---

**5.** Later statements made by Hall were not as spontaneous as those made at the scene of the shooting and thus may be considered less reliable. These challenged statements, however, were cumulative evidence corroborating the officer's testimony and therefore constitute harmless error. *See United States v. Hill*, 864 F.2d 601, 603 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989); *Johnson v. Nix*, 763 F.2d 344, 347 (8th Cir.1985); *Johnson v. Richardson*, 701 F.2d 753, 756 (8th Cir.1983).

**6.** This conclusion is buttressed by the fact that, although Stidum's counsel did not object to officer Adkins' testimony, he did object to the testimony of others who, at a later time, heard Hall declare that Stidum was his assailant. It is reasonable to conclude that counsel recognized these statements as less "spontaneous" and thus less likely to be admissible. He objected to those questionable statements, but logically refrained from objecting to evidence which was admissible.