Steven W. ARNOLD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 94–3148.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided Aug. 17, 1995.

Appellant, pro se.

Paul A. Murphy, Asst. U.S. Atty., argued, Minneapolis, MN, for appellee.

Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Steven Arnold appeals from the final order

entered in the District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2255 motion. For the reasons discussed below, we affirm the judgment of the district court.

Arnold was convicted of conspiring to possess cocaine base with intent to distribute, possessing a mixture containing cocaine base with intent to distribute, and distributing a mixture containing cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, Arnold objected to the use of prior state felony convictions—for possession of a controlled substance in a correctional institution and a 1976 robbery[2]—to enhance his sentence. The trial court overruled the objections and sentenced Arnold as a career offender to three concurrent 360–month terms of imprisonment, in accordance with 21 U.S.C. §§ 841 and 851, and U.S.S.G. § 4B1.1. Arnold appealed and this court affirmed. *United States v. Henderson–Durand,* 985 F.2d 970 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 164, 126 L.Ed.2d 125 (1993).

Arnold then filed this section 2255 motion, claiming his trial counsel was ineffective for failing to file a pretrial motion to dismiss the indictment based on outrageous government conduct; for failing to inform the trial court of a potential jury tampering incident; and for failing to argue that his state controlled substance conviction constituted a simple possession offense and thus did not satisfy the requirements of §§ 841(b)(1)(B) and 851, or § 4B1.1. He also claimed the trial court erred in enhancing his sentence, because the 1976 robbery conviction was the result of an involuntary and thus invalid guilty plea, and because his federal conspiracy conviction did not qualify for enhancement under § 4B1.1. Without conducting a hearing, the district court denied Arnold's motion and he appeals.

■ We review the denial of Arnold's section 2255 motion de novo and, as it was denied without a hearing, will affirm only if the motion, files, and records conclusively show he is not entitled to relief. *See United States v. Duke,* 50 F.3d 571, 576 (8th Cir. 1995). Arnold's ineffective-assistance claims present mixed questions of fact and law; we review factual findings for clear error and issues of law de novo. *See Iron Wing v. United States,* 34 F.3d 662, 664 (8th Cir. 1994). Arnold needed to demonstrate his counsel's "'representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.'" *Whitmore v. Lockhart,* 8 F.3d 614, 616–17 (8th Cir.1993) (quoted case omitted) (brackets in original).

■ As to the pretrial motion issue, we conclude Arnold has failed to satisfy his burden of showing that counsel's decision—to present a coercion defense rather than launching a pretrial challenge to the indictment—was not a sound strategy. *See United States v. Hill,* 864 F.2d 601, 604 (8th Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989). Because Arnold "used the very facts now said to constitute outrageous government conduct to present a coercion defense, which the jury rejected," *Henderson–Durand,* 985 F.2d at 974, it is unlikely he would have prevailed on such a motion.

■ We also conclude Arnold did not show his counsel was ineffective in not bringing the jury-tampering issue to the trial court's attention, because the affidavit Arnold submitted with his section 2255 motion does not raise an inference of jury tampering.

■ As for Arnold's sentencing claims, Arnold was not prejudiced by his counsel's failure to argue that the state controlled-substance conviction did not support career offender enhancement under the Sentencing Guidelines, because his 1976 and 1977 robbery convictions qualified him for such enhancement. *See* U.S.S.G. § 4B1.1. Nor can Arnold collaterally attack the validity of his 1976 robbery conviction, which was entered with the benefit of counsel, in this proceeding. *See Custis v. United States,* —— U.S. ——, ——————, 114 S.Ct. 1732, 1738–39,

---

1. The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

2. Arnold also had a 1977 robbery conviction.

128 L.Ed.2d 517 (1994). Finally, Arnold's claim that the district court erroneously sentenced him as a career offender on the conspiracy count is of no consequence, because his two other present convictions qualified for such treatment.

Accordingly, the judgment of the district court is affirmed.