_____

No. 95-2756
_____

United States of America,           *
                                     *
          Appellee,                  *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Eastern District of Missouri.
Larry R. Shurn,                      *
                                     *       [UNPUBLISHED]
          Appellant.                 *

_____

Submitted:  November 27, 1995

Filed:  January 26, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Larry R. Shurn appeals from the district court's[1] order
revoking his supervised release.  Shurn argues the admission of
hearsay testimony at his revocation hearing violated his right to
confront adverse witnesses.  We affirm.


     As relevant here, Shurn's release conditions required that he
refrain from committing any further crimes.  At Shurn's revocation
hearing, the government presented the testimony of police officer
Kenneth Lige regarding a call he received that someone was trying
to break into a house.  Lige testified that he arrived at the house
within thirty seconds of the call, observed a man running from the
front porch, and saw that the front door was open and a window next

_____

     [1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

to the door was broken. Lige handcuffed the man and placed him in the police car for safety purposes, pending further investigation. Lige testified that Shurn was the man he handcuffed.

Lige testified further that when he entered the house, he found two women "crying hysterically"; one of the women appeared badly injured. Over Shurn's hearsay objection, Lige testified that the women asked, "Is he still around?" When Lige described the man he had placed in the police car, the women said, "That's him, that's him," and were relieved. The women also looked out the door and confirmed that the man in the police car was Shurn. The remainder of Lige's testimony--admitted over Shurn's continuing hearsay objection--involved statements the two women made to him about what allegedly occurred before Lige arrived on the scene, including statements that Shurn kicked the door and broke the window after beating one of the women.

The district court found that Shurn had violated the release condition prohibiting him from committing further crimes, and two other release conditions not at issue here. The court revoked Shurn's supervised release and ordered him to be returned to custody for twelve months and one day.

During a hearing to revoke or modify probation or supervised release, the accused must be given "the opportunity to question adverse witnesses." Fed. R. Crim. P. 32.1(a)(2)(D). As we have noted, however, the right to question adverse witnesses provided by Rule 32.1(a)(2)(D) is not absolute and has its basis in the due process clause cases governing revocation of parole or probation by the states. See United States v. Zentgraf, 20 F.3d 906, 909 (8th Cir. 1994).

Although the Federal Rules of Evidence do not apply to a supervised release revocation hearing, for purposes of analysis, we conclude the victims' initial identification of Shurn as the

perpetrator of the attempted break-in and damage to the house fall within the "excited utterance" exception to the hearsay rule, which makes availability of the declarant immaterial. See Fed. R. Evid. 803(2). As the excited utterance exception is deeply rooted in the common law, the reliability of the identification was sufficient to satisfy any constitutional concern. See White v. Illinois, 502 U.S. 346, 356-57 (1992); Stidum v. Trickey, 881 F.2d 582, 585-86 (8th Cir. 1989), cert. denied 493 U.S. 1087 (1990). Because such evidence would be admissible at a criminal trial, and given the Supreme Court's expressed view that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense," we see no violation of Shurn's rights by the court's use of the identification testimony. Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972).

We also conclude that the victims' admissible identification, coupled with Lige's observations upon his arrival, including photographs introduced showing the damage, sufficiently demonstrated that Shurn breached the terms of his supervised release. Upon our review of the revocation-hearing transcript, we are confident that the district court did not consider the other hearsay statements in reaching its decision, and thus find harmless error in the admission of that testimony. See United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-