_____

No. 96-1248

_____

Leon R. Fuller,                    *
                                   *
        Appellant,                 *
                                   *   Appeal from the United States
    v.                             *   District Court for the
                                   *   Northern District of Iowa.
United States of America,          *          [UNPUBLISHED]
                                   *
        Appellee.                  *

_____

Submitted:  August 7, 1996

Filed:  August 15, 1996

_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Leon R. Fuller appeals the district court's[1] order denying his
28 U.S.C. § 2255 motion.  We affirm.

Following Fuller's conviction on drug-related charges stemming
from his methamphetamine distribution activities, he was sentenced
to 135 months' imprisonment and five years' supervised release.  On
direct appeal, we affirmed.  United States v. Fuller, 942 F.2d 454,
457 (8th Cir.), cert. denied, 502 U.S. 914 (1991), and 502 U.S.
1039 (1992).  Fuller then filed this motion, asserting that his due
process right to be sentenced based on accurate and reliable
information was violated because he was sentenced under the
Guidelines for D-methamphetamine (instead of L-methamphetamine)
without any evidence of the type of methamphetamine, and that his
counsel was ineffective for not challenging the D-methamphetamine
presumption.

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

In response to a district court order, the government presented evidence that the methamphetamine admitted at trial had been tested for type, and contained D-methamphetamine. Noting that this appeared to resolve the motion to Fuller's detriment, the district court gave him an opportunity to rebut the government's evidence. Fuller responded that the government was attempting to introduce inadmissible evidence into the record and urged the court not to consider the government's evidence without first holding a hearing at which he could challenge the foundation and admissibility of the evidence. Without conducting a hearing, the court denied Fuller section 2255 relief.

We conclude that Fuller's challenge to the district court's reliance on the evidence submitted by the government must fail, as the court was expressly permitted to direct the parties to expand the record by submitting additional materials--including documents and exhibits--relevant to the merits of Fuller's motion. See Rules Governing Section 2255 Proceedings 7(a),(b). Further, Fuller had an opportunity to respond to the supplemental lab reports, the authentication of which was not required. See id. 7(c), (d).

In any event, we conclude that the district court properly denied Fuller section 2255 relief, because the motion, files, and records conclusively show he is not entitled to relief. See Arnold v. United States, 63 F.3d 708, 709 (8th Cir. 1995). Even if counsel's failure to object to the classification of the methamphetamine as D-methamphetamine was unreasonable, Fuller did not show he was prejudiced as a result of this omission, as he neither alleged nor provided evidence that the methamphetamine was in fact L-methamphetamine, despite having more than three months to do so before the court ruled on his motion. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Acklen, 47 F.3d 739, 744 (5th Cir. 1995) (movant must tender specific, verified basis or evidence, beyond mere naked assertion or belief, that drug was in fact L-methamphetamine); cf. United States v.

-2-

Ward, 55 F.3d 412, 414 (8th Cir. 1995) (noting contention that substance was L-methamphetamine, not D-methamphetamine, was based on "evidence readily available" to defendant).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.